UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 AUG -9 P 2: 32

| | |
|---|---|
| VICKY ARRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. CV-07- 2:07-CV-717-MHT |
| ) | |
| ALABAMA STATE UNIVERSITY ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes now Plaintiff Vicky Arrington by and through counsel, and complains against the defendant as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper pursuant to federal question jurisdiction over claims brought under 28 U.S.C. § 1331, 28 U.S.C. § 2201-2202, Title VII of the Civil Rights Act of 1964, more particularly, 42 U.S.C. § 2000e, et seq. (as amended), 42 U.S.C. 1981a.

2. Timely filing in this Court followed issuance by the Equal Employment Opportunity Commission of a right-to-sue letter on May 8, 2007, which letter was issued to and received by Plaintiff.

3. Venue in this Court is proper in that all causes of action enumerated herein and all claims made by Plaintiff arose in the Northern Division of the Middle District of Alabama.

### PARTIES

4. Plaintiff Vicky Arrington (hereinafter, "Arrington" or "Plaintiff") is a resident of Montgomery County, Alabama, over the age of Nineteen (19) years, and was employed

1

by defendant Alabama State University.

5. Defendant Alabama State University (hereinafter, "the University" or "the employer"), a better, further, and other denomination of which is presently unknown to plaintiff, is an Alabama State agency.

## NATURE OF THIS ACTION

6. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining the defendants from maintaining a policy, practice, custom or usage of discrimination against Plaintiff because of her sex, from harassing her, and from retaliating against her. The Complaint also seeks restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by her but for the defendant's unlawful and discriminatory practices. Further, Plaintiff seeks compensatory damages for her suffering as a consequence of the wrongs alleged herein.

7. Plaintiff avers that the defendant acted to deny Plaintiff her rights under the laws of the United States of America and such action was designed to discriminate against her, a female.

8. Plaintiff avers that the defendant's actions were designed to prevent her and other similarly situated females from obtaining an equality with non-protected group members, males, in pay, benefits and treatment.

9. As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that she has been deprived of her employment by constructive discharge and has been deprived of title, status, and prestige, as well as caused to suffer great humiliation and mental anguish from then until now.

10. Plaintiff avers that the defendant's unlawful actions were intentionally and knowingly undertaken with the intent to discriminate against her due to her sex, female.

11. This action is brought to claim compensatory damages and equitable relief of the defendant for sex discrimination.

## FACTUAL ALLEGATIONS

12. Plaintiff expressly adopts as if fully set forth herein the allegations of each of the foregoing paragraphs.

13. Plaintiff began her employment with the employer on or around August 2002 as a police investigator.

14. In or around January 2003, the current Chief of Police, Caesar Moss (hereinafter, "Moss"), was deployed to Iraq by the United States Military. Therefore, Plaintiff was appointed by the employer as the Interim Police Chief.

15. In or around January 2005, Moss returned from his service in Iraq and retired as Chief of Police of the employer.

16. Due to Moss's retirement, the employer announced the vacancy for Chief of Police and solicited employment applications. Likewise, the employer appointed a Screening Committee to evaluate potential candidates.

17. Plaintiff was one of three applicants, and the only female, considered by the Screening Committee for the position as Chief of Police. In fact, Plaintiff was ranked in the top position by the Screening Committee. Thereafter, this Screening Committee was dissolved.

18. However, a second Screening Committee was appointed to evaluate the qualified

applicants. Plaintiff was contacted by Joe Pace, who Plaintiff believed to be the chair of the second Screening Committee, regarding an appointment for a second evaluation.

19. Plaintiff contacted Dr. Frazier, a representative of the employer, regarding the necessary steps she needed to take to participate in this second screening process. All other applicants were contacted directly by the employer, however the employer failed to contact Plaintiff. Dr. Frazier promised to get back in touch with Plaintiff which he failed to do.

20. Shortly thereafter, Plaintiff learned that a new Chief of Police, Jeffery Young, had been hired by the employer.

21. During her tenure with the employer, Plaintiff performed to the reasonable satisfaction of her employer. In fact, Plaintiff served and satisfactorily performed her duties as Interim Chief of Police for sever years until a new Chief of Police was hired.

22. Plaintiff avers that the defendant has discriminated against her because of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, in that she was treated in an adverse fashion when compared with similarly situated males.

## COUNT I – SEX DISCRIMINATION

23. Plaintiff hereby expressly adopts as if fully set forth herein each and every allegation of the foregoing paragraphs.

24. Plaintiff is a member of a protected class, female.

25. Plaintiff was highly qualified for the position she held, and she was performing each and every essential function of her job to her employer's reasonable satisfaction.

26. Plaintiff was subjected to disparate treatment and adverse employment actions to which

similarly situated members of a non-protected class were not, and would not have been, subjected.

27. The treatment complained of was because of her sex, female.

28. Plaintiff has been damaged thereby in that she has been deprived of title, authority, responsibility, position, status, prestige, esteem, pay, benefits, and opportunity for advancement. In addition, she has been embarrassed, humiliated, deprived of meaningful work, and has been caused to suffer great stress, mental anguish, emotional distress, loss of self-esteem, and loss of enjoyment of living.

### PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff demands judgment in her favor and against the defendant as follows:

A. Plaintiff prays that the Court will enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964, as amended;

B. Plaintiff prays that the Court will permanently enjoin the defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

C. Plaintiff prays that the Court will order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law;

D.  Plaintiff demands Compensatory damages in an amount yet to be ascertained or, in the alternative, nominal damages;

E.  Plaintiff prays that the Court will grant such other, further and different monetary relief, including such equitable relief as back pay and front pay, as this Court may deem just and proper;

F.  Plaintiff prays that the Court will grant her the cost of this action including reasonable attorney's fees.

RESPECTFULLY SUBMITTED, this 9th day of August, 2007.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE**

ANDY NELMS (NEL022)
Attorney for Plaintiff

LAW OFFICES OF JAY LEWIS, LLC
847 South McDonough St. (36104)
PO Box 5059
Montgomery, AL 36103
334-263-7733 (Voice)
334-832-4390 (Telefax)