IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VICKY ARRINGTON, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | C.A.N.: 2:07-CV-717-MHT |
| | ) | |
| ALABAMA STATE UNIVERSITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## ANSWER

**COMES NOW** the Defendant Alabama State University ("ASU) and hereby submits this Answer to the Complaint of Vicky Arrington. The Defendant states the following:

### JURISDICTION

1. Denied.

2. Denied. The Equal Employment Opportunity Commission mailed a right-to-sue letter to the Plaintiff on May 8, 2007. (Exh. 1, Right-to-Sue Letter). The letter instructed the Plaintiff to file a lawsuit within 90 days of her receipt of the letter. The letter also instructed the Plaintiff to file her lawsuit within 90 days of the mailing date to avoid a dispute of whether the lawsuit was actually timely filed. Ninety days from the mailing date was August 6, 2007. The Plaintiff did not file her lawsuit until August 9, 2007. ASU denies that this lawsuit was timely filed after the issuance of a right-to-sue letter and demands strict proof thereof.

3. Admitted.

## PARTIES

4. ASU can neither admit or deny Plaintiff's age and residence. Further, ASU denies that Plaintiff was employed by ASU because she is presently an employee with ASU.

5. Admitted.

## NATURE OF THIS ACTION

6. Denied.

7. Denied. ASU is an equal opportunity employer and does not engage in any policies or practices to discriminate on the basis of gender or any other protected classification.

8. Denied. ASU is an equal opportunity employer and does not engage in any policies or practices to discriminate on the basis of gender or any other protected classification.

9. Denied. ASU is an equal opportunity employer and does not engage in any policies or practices to discriminate on the basis of gender or any other protected classification. Further, Plaintiff is still an employee of ASU and has not been discharged constructively or otherwise.

10. Denied. ASU is an equal opportunity employer and does not engage in any policies or practices to discriminate on the basis of gender or any other protected classification.

11. Denied. ASU is an equal opportunity employer and does not engage in any policies or practices to discriminate on the basis of gender or any other protected classification.

**FACTUAL ALLEGATIONS**

12. ASU incorporates the preceding paragraphs as if they were fully set forth herein.

13. Denied. The Plaintiff has been employed with ASU as in investigator since 1995.

14. Admitted. The Plaintiff was appointed as the Acting Chief of Police on February 21, 2003 after the Chief of Police and his second in command were both deployed to Iraq.

15. Admitted.

16. Admitted.

17. Admitted to the extent that the Plaintiff was one of three applicants screened by the independent search committee and that she was the only female. Denied to the extent that the independent search committee selected the Plaintiff in the top position. Further, the position had to re-opened after the selected finalist withdrew his interest from the position.

18. Admitted. The Plaintiff declined an interview during the second screening.

19. Denied. The previous applicants were all contacted for a second interview just as the Plaintiff admits to being contacted by Pace for an interview.

20. ASU can neither admit or deny when the Plaintiff learned of the appointment of Chief Young.

21. Admitted to the extent that the Plaintiff served as Acting Chief of Police until a permanent selection was made. Denied as to the remaining portions of the paragraph.

22. Denied. ASU is an equal opportunity employer and does not engage in any policies or practices to discriminate on the basis of gender or any other protected classification. ASU demands strict proof of any discrimination and any similarly situated males.

## COUNT 1 – SEX DISCRIMINATION

23. ASU incorporates the preceding paragraphs as if they were fully set forth herein.

24. Admitted.

25. Denied.

26. Denied. ASU is an equal opportunity employer and does not engage in any policies or practices to discriminate on the basis of gender or any other protected classification. ASU demands strict proof of any discrimination and any similarly situated males.

27. Denied.

28. Denied. ASU demands strict proof of any alleged injuries.

## AFFIRMATIVE DEFENSES

ASU asserts the following affirmative defenses against the claims asserted in the Plaintiff's Complaint:

1. The Plaintiff has failed to state a claim upon which relief can be granted.

2. ASU is immune from suit under Article I, § 14, Alabama Constitution (1901). ASU is an educational institution operating under the supervision of a state agency. ASU is entitled to sovereign immunity against all of Plaintiff's claims.

3. Any claims against ASU officials should be dismissed as official capacity suits are nothing more than suits against the institution, and ASU has already been named as a party to this action. *See Hinson v. Holt*, 776 So. 2d 804, 810 (Ala.Civ.App. 1998).

4. Plaintiff's claims are barred by the applicable statute of limitations.

5. Plaintiff failed to exhaust all administrative remedies.

6. Plaintiff failed to timely file this lawsuit after receiving a Right-to-Sue Letter from the Equal Employment Opportunity Commission. 7. Plaintiff has failed to state a claim upon which compensatory damages may be awarded.

8. No action of ASU was the proximate cause of any violation of the Plaintiff's protected rights.

9. Plaintiff's claims are barred by laches.

10. Plaintiff has failed to establish a prima facie case on all of the claims asserted in this lawsuit.

11. At all times relevant to this action, ASU was acting upon their reasonable understanding and belief of the requirements of the governing federal law and state law.

12. Plaintiff has failed to state factual allegations to support the claim of discrimination based upon gender.

13. As to any alleged intentional wrongful conduct or conduct involving malice by an employee or agent of ASU, it is denied that ASU either: (1) knew or should

have known of the unfitness of the agent and employed him or continued to employ him or used his services without proper instruction and with disregard to the rights or safety of others; (2) authorized the agent's alleged wrongful conduct; or (3) ratified the alleged wrongful conduct of the agent; nor were the alleged acts of the agent calculated to nor did they benefit ASU.

14. Any actions of an agent or employee of ASU that were allegedly unlawful, as they relate to the Plaintiff were outside the line and scope of the agent or employee's agency or employment and were not ratified by ASU, nor did ASU receive any benefits therefrom.

15. The Plaintiff's claims for punitive damages are due to be struck as sufficient facts are not pled to permit the Plaintiff to recover punitive damages.

16. ASU denies that they are guilty of any conduct which entitles Plaintiff to recover punitive damages.

17. ASU avers that any award of punitive damages to the Plaintiff in this case will be a violation of the constitutional safeguards provided to them under the Constitution of the State of Alabama.

18. ASU avers that any award of punitive damages to the Plaintiff in this case will be a violation of the constitutional safeguards provided to them under the Constitution of the United States of America.

19. Plaintiff can not recover for mental pain, suffering, emotional distress, or similar damages.

20. To the extent the claims asserted in this action are wholly without foundation or facts and are frivolous, ASU asserts that they are entitled to relief under

this Court's inherent powers and any other rule, statute or case law that provides for an award of attorney's fees.

    21.    ASU demands attorney's fees and costs.

    22.    ASU reserves the right to amend these defenses at a later date.

    Respectfully Submitted,

/s/ Ramadanah M. Salaam-Jones
**Kenneth L. Thomas (THO043)**
**Ramadanah M. Salaam-Jones (SAL026)**
*Attorneys for Alabama State University*

**OF COUNSEL:**
**THOMAS, MEANS,GILLIS,& SEAY,  P.C.**
POST OFFICE DRAWER 5058
3121 ZELDA COURT
MONTGOMERY, ALABAMA 36103-5058
(334)270-1033 Fax: (334)260-9396

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record via this Court's electronic filing and case management system on this the 4th day of September, 2007.

    K. Anderson Nelms, Esq.
    847 S. McDonough Street
    Montgomery, Alabama 36104
    (334) 263-7733

    /s/ Ramadanah M. Salaam-Jones
    **OF COUNSEL**

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Vicky B. Arrington<br>Post Office Box 6344<br>Montgomery, AL 36106 | From: | U.S. Equal Employment Opportunity<br>Commission Birmingham District<br>Ridge Park Place - Suite 2000<br>1130 22nd Street, South<br>Birmingham, AL 35205 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2007 01263 | M. Grandison | (205) 212-2111 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Delner Thomas-Franklin, District Director          8 MAY 2007
                                                   (Date Mailed)

Enclosure(s)

cc: Amardo Wesley Pitters, Esquire          Thomas, Means, Gillis & Seay, P.C.
    Law Offices of A. Wesley Pitters, P.C.  Attorneys and Counsellors at Law
    1145 South Perry Street                 Alabama State University
    Montgomery, AL 36104                    P. O. Drawer 5058
                                            Montgomery, AL 36103-5058

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than **2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*