IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VICKY ARRINGTON, ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | C.A.N.: 2:07-CV-717-MHT |
| ) | |
| ALABAMA STATE UNIVERSITY, ) | |
| ) | |
| DEFENDANT. ) | |

## ALABAMA STATE UNIVERSITY'S
## MOTION FOR SUMMARY JUDGMENT

**COMES NOW** the Defendant Alabama State University ("ASU") and hereby files this Motion for Summary Judgment pursuant to F.R.Civ.P, Rule 56 against the Plaintiff Vicky Arrington's claim of gender discrimination. ASU states the following:

1.  The moving party is entitled to summary judgment if the pleadings and affidavits, show that there is no genuine issue of material fact. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The record is viewed in the light most favorable to the non-moving party, and the burden is upon the moving party to show that it is entitled to summary judgment. *See Matsuhita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

2.  When the record is viewed in a light most favorable to the Plaintiff, the evidence clearly shows that there is no genuine issue of material fact and that ASU is entitled to summary judgment.

3.  The traditional McDonnell Douglas framework is used to analyze claims of gender discrimination based upon circumstantial evidence. *Stuart v. Jefferson*

1

*County Dept. of Human Resources*, 152 Fed. Appx. 798, 801-802 (11th Cir. 2005).

Under this framework, the plaintiff must establish a prima facie case by showing that:

(1) she is a member of a protected class,
(2) she was qualified for a position ***and applied for it***,
(3) she was not considered for the position despite her qualifications, and
(4) ***equally or less qualified individuals*** outside of her protected class were considered or hired for the position.

*See Wilson v. B/E Aerospace , Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004); *Welborn v. Reynolds Metals Co.,* 810 F.2d 1026, 1028(11th Cir. 1987). If the plaintiff can present a prima facie case, then the employer is allowed to assert a nondiscriminatory reason for the employer's actions. If the employer has done so, then the plaintiff bears the burden of showing that the non-discriminatory reason is pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). The plaintiff must offer evidence that the disparity in qualification was 'so apparent as virtually to jump off the page and slap you in the face.' *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1090 (11th Cir. 2004). Arrington can not establish a prima facie case for gender discrimination because she never completely applied for the position and the applicant hired by ASU possessed greater qualifications than she did.

   4. Based upon the *McDonnell Douglas* framework, Arrington can not establish a prima facie case for gender discrimination based upon a recommendation to hire a candidate under the first search committee's screening. The recommendation was never approved by ASU. Arrington was not subjected to discrimination of any form because of this recommendation. In fact, the search was reopened. Therefore, ASU is entitled to summary judgment against Arrington's claims.

5. To succeed on a disparate treatment claim, the plaintiff must prove intentional discrimination, "normally through a combination of statistics and anecdotes, that discrimination is the company's 'standard operating procedure.'" *EEOC v. Joe's Stone Crab*, 220 F.3d 1263, 1274 (11th Cir. 2000). To succeed on a disparate impact claim, the plaintiff must establish that (1) there is a significant statistical disparity among members of different racial groups; (2) there is a specific, facially-neutral employment policy or practice; and (3) there is a causal nexus between the specific policy or practice and the statistical disparity. *Id.* at 1273. Arrington has not pled sufficient facts to support allegations of disparate treatment and disparate impact.

6. "Title VII of the Civil Rights Act of 1964 requires that suit be brought within 90 days after the receipt of notice of right to sue. 42 U.S.C. § 2000e *et seq.* (1976)." Arrington's lawsuit against ASU is untimely as it was filed 93 days after the receipt of the notice of right to sue.

**WHEREFORE, PREMISES CONSIDERED** ASU respectfully requests that this Court grant summary judgment in its favor.

Respectfully Submitted,

/s/ Ramadanah M. Salaam-Jones
**KENNETH L. THOMAS (THO043)**
**RAMADANAH M. SALAAM-JONES (SAL026)**
*Attorneys for Alabama State University*

**OF COUNSEL:**
**THOMAS, MEANS, GILLIS, & SEAY, P.C.**
POST OFFICE DRAWER 5058
3121 ZELDA COURT
MONTGOMERY, ALABAMA 36103-5058
(334)270-1033 Fax: (334)260-9396

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing on the following counsel of record via this Court's electronic filing system on this the 13th day of May, 2008.

      K. Anderson Nelms, Esq.
      847 S. McDonough Street
      Montgomery, Alabama 36104
      (334) 263-7733