IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VICKY ARRINGTON, ) | |
| ) | |
|    PLAINTIFF ) | |
| ) | |
| v. ) | C.A.N.: 2:07-CV-717-MHT |
| ) | |
| ALABAMA STATE UNIVERSITY, ) | |
| ) | |
|    DEFENDANT. ) | |

### REPLY BRIEF IN SUPPORT OF ALABAMA STATE UNIVERSITY'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW** the Defendant Alabama State University ("ASU") and hereby files this reply brief in support of its Motion for Summary Judgment pursuant to F.R.Civ.P, Rule 56. ASU states the following:

**I.  ARRINGTON HAS NOT PROVEN THAT ASU'S NON-DISCRIMINATORY EMPLOYMENT DECISIONS ARE PRETEXTUAL**

The traditional McDonnell Douglas framework is used to analyze claims of gender discrimination based upon circumstantial evidence. *Stuart v. Jefferson County Dept. of Human Resources*, 152 Fed. Appx. 798, 801-802 (11th Cir. 2005). Under this framework, the plaintiff must establish a prima facie case by showing that:

    (1) she is a member of a protected class,
    (2) she was qualified for a position ***and applied for it***,
    (3) she was not considered for the position despite her qualifications, and
    (4) ***equally or less qualified individuals*** outside of her protected class were considered or hired for the position.

*See Wilson v. B/E Aerospace , Inc*., 376 F.3d 1079, 1089 (11th Cir. 2004); *Welborn v. Reynolds Metals Co.,* 810 F.2d 1026, 1028(11th Cir. 1987). If the plaintiff can present a prima facie case, then the employer is allowed to assert a nondiscriminatory reason for

the employer's actions. If the employer has done so, then the plaintiff bears the burden of showing that the non-discriminatory reason is pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

The plaintiff must offer evidence that the disparity in qualification was 'so apparent as virtually to jump off the page and slap you in the face.' *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1090 (11th Cir. 2004). Further, the plaintiff "must introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination." *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1228 (11th Cir. 1993). Pretext is shown by proving that the proffered reason is false and that the discrimination is the true motivating factor. *St Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993). The Eleventh Circuit Court of Appeals held in the case of *Alexander v. Fulton County*, 207 F.3d 1303, 1339 (11th Cir. 2000),

> a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified that the officer who received the position he coveted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race...a plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons.

Arrington has not shown that ASU's proffered reasons for not selecting her for the position was pretextual. ASU did not choose Arrington because Young was the best candidate for the job according to the screening committee. Further, Arrington failed to interview for the position. Supplemental Exhibit, Pace Affidavit at ¶ 8, 9; Exh. 11, Second Screening Committee Report. In response, Arrington attempts to lessen Young's qualifications by stating his work experience was not relevant and that his Master's Degree was insignificant. Arrington is essentially questioning the wisdom of the

screening committee's review of Young's work experience and the need for a Master's Degree. This questioning however is not a demonstration of pretext. Further, Pace's testimony regarding Arrington's failure to interview before the committee is undisputed.

### II. ARRINGTON FAILED TO PRESENT ANY EVIDENCE OF A DISCRIMINATORY POLICY OR PRACTICE OR OF A SIMILARLY SITUATED MALE

In her Complaint, Arrington alleges that she was subjected to disparate treatment and adverse impact as a basis for her gender discrimination claim. Exh. 2, Complaint at ¶ 26. These allegations are not separate causes of action rather they are included in the claim for gender discrimination. Arrington offered no factual allegations to support disparate treatment or disparate impact other than to state that ASU has policies and procedures that discriminate against women and that there are similarly-situated males who were treated differently than her. When questioned during her deposition, Arrington could not identify one policy or procedure of ASU that discriminates against women. Exh. 5, Arrington Depo., p. 69-70, ln. 16-23. Arrington could not identity one similarly-situated male who was treated differently than her. Exh. 5, Arrington Depo., p. 62-64.

In her response to ASU's Motion for Summary, Arrington still failed to provide any evidence of a discriminatory ASU policy or practice. Arrington still failed to provide any evidence of a similarly-situated male who was somehow treated differently. With this lack of evidence, Arrington's claims must fail, and ASU is entitled to summary judgment.

**WHEREFORE, PREMISES CONSIDERED** ASU is entitled to summary judgment against all of the Plaintiff's claims.

3

      Respectfully Submitted,


      /s/ Ramadanah M. Salaam-Jones
      **KENNETH L. THOMAS (THO043)**
      **RAMADANAH M. SALAAM-JONES (SAL026)**
      *Attorneys for Alabama State University*

**OF COUNSEL:**
**THOMAS, MEANS,GILLIS,& SEAY,  P.C.**
POST OFFICE DRAWER 5058
3121 ZELDA COURT
MONTGOMERY, ALABAMA 36103-5058
(334)270-1033 Fax: (334)260-9396


## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing on the following counsel of record via this Court's electronic filing system on this the 11th day of July, 2008.

      K. Anderson Nelms, Esq.
      847 S. McDonough Street
      Montgomery, Alabama 36104
      (334) 263-7733